Clarence W. Hughes, Master in Chancery, for use of John Hood, Appellee, v. Chicago Bonding & Surety Company, Appellant.

## (Not to be reported in full.)

Appeal from the Circuit Court of Coles county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 11, 1917. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action in debt on a bond by Clarence W. Hughes, master in chancery of Coles county Circuit Court, who sues for the use of John Hood, plaintiff, against the Chicago Bonding & Surety Company, defendant. The bond was given by Edward Hood to plaintiff Hughes in accordance with the terms of the order distributing the estate of John Hood on the presumption of the latter's death and intestacy and defendant was surety on such bond. One claiming to be John Hood subsequently appeared and demanded of Edward Hood the amount given him under the order of distribution, to secure the refunding of which the bond in suit had been given, and notice of these facts were given defendant. Payment not having been received, action was brought on the bond. Defendant's demurrer to the declaration was overruled and it filed an unverified plea of *non est factum* and gave notice of special matters of defense. The case was tried by the court without a jury, the issues were for plaintiff and judgment was for plaintiff for the amount of the bond, to be satisfied upon the payment of $1,238.79 and costs, from which judgment defendant appeals. The proceeding is similar to that of *Beggs v. Chicago Bonding & Surety Co., ante,* p. 621.

Hughes v. Chicago Bonding & Surety Co., 207 Ill. App. 628.

SABATH, STAFFORD & SABATH and CRAIG & KINZEL, for appellant.

HARRY P. COFER and ALBERT C. and BEN F. ANDERSON, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS—*what not essential to recovery by person whose estate was distributed on supposition of death.* The vacating and setting aside of the order for the distribution of an estate on a presumption of death and intestacy is not essential to a recovery against the surety on a bond given by a distributee for the refund of his share in case the supposed deceased be alive. · Following *Beggs v. Chicago Bonding & Surety Co., ante,* p. 621.

2. APPEAL AND ERROR, § 1712*—*when error of trial court in overruling motion will not be reversed.* A judgment will not be reversed because of the overruling of a motion by the trial court where no reason is given in appellant's argument why the motion should have been allowed.

3. APPEAL AND ERROR, § 1488*—*when error in overruling motion to suppress deposition is harmless.* Where a case is tried by the court without a jury, error in overruling a motion to suppress a deposition is harmless.

4. BONDS, § 37*—*what is sufficient proof of nonpayment of debt.* Where the declaration in an action in debt on a bond avers that the bond is not paid and the averment is admitted by the plea, further proof of nonpayment is not necessary.

5. PAYMENT, § 24*—*as an affirmative defense.* Payment is an affirmative defense.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.